UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAY L. THOMAS,<br><br>      Plaintiff,<br><br>   v.<br><br>FAIRLEIGH DICKSON UNIVERSITY,<br><br>      Defendant. | Civil No. 11-3904 (WJM)<br><br>ORDER |

    **THIS MATTER** comes before the Court upon Plaintiff's submission of a civil complaint and an application to proceed in this action *in forma pauperis*. Based on Plaintiff's affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff's complaint alleges two state-law claims: (1) breach of contract, and (2) breach of fiduciary duty. However, though Plaintiff claims this Court has subject matter jurisdiction under 28 U.S.C. § 1332 because "[t]here is complete diversity of citizenship between the parties and the amount in controversy exceeds 75,000 exclusive of cost and interest," Plaintiff goes on to identify both himself and Defendant as citizens of the state of New Jersey. (Compl. ¶¶ 2, 5.) Section 1332 only provides jurisdiction over state-law claims if the controversy is between "citizens of different States."

    Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases. *Packard v. Provident*

*National Bank*, 994 F.2d 1039 (3d Cir.), *cert. denied sub nom. Upp v. Mellon Bank, N.A.*, 510 U.S. 964, 114 S. Ct. 440, 126 L. Ed. 2d 373 (1993).  Indeed, "a plaintiff, suing in a federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court ... must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459, 46 S. Ct. 338, 70 L. Ed. 682 (1926).  Here, since both parties are citizens of New Jersey, complete diversity is lacking.  As such, the Court can discern no basis for asserting jurisdiction over this action.  For the foregoing reasons;

   **IT IS** on this 27th day of July 2011, hereby,

   **ORDERED** that Plaintiff's application to proceed *in forma pauperis* is hereby GRANTED pursuant to 28 U.S.C. §§ 1915(a) and (b); and it is

   **FURTHER ORDERED** that the Clerk of the Court shall file the Complaint without prepayment of fees or security; and it is

   **FURTHER ORDERED** that the Complaint is **DISMISSED** for lack of subject matter jurisdiction.


                                         s/ William J. Martini
                                        **WILLIAM J. MARTINI, U.S.D.J.**